Opinion of the Court by
Rossell J.
On the appearance of the parties to this suit, the defendant moved the justice to quash the summons, for irregularity in not stating the time of appearance. This motion, the justice overruled. After the examination of a number of witnesses, on the part of the. *144 plaintiff, the defendant gave in evidence, a state of defiled by the plaintiff, in a previous suit against the defendant, brought before justice Morris, by which it appeared that Sarah Boney had leased to Elijah Pullen, the premises in question, for one year, from the 6th day of April 1816. The counsel for the defendant, then moved the justice for a nonsuit: ‘That as the defendant had been put in the peaceable possession of those premises, for the recovery of which, this action was brought, he could not be guilty of a forcible entry as charged by the plaintiff.’ This motion was also overruled by the justice. The counsel for the defendant then moved the court to charge the jury upon the insufficiency of the evidence, to support the charge of force, in the original entry, and that he was not guilty in manner and form, as set forth in the plaintiff’s complaint; and that *the evidence, if it proved any thing, proved only a forcible detainer, and not a forcible entry. The justice read the first and second sections of the act, on .which this • action was founded, gave it to the jury, and informed them, that they having heard the evidence, were the judges of its application. And on these three supposed mistakes of the justice, the defendant below now relies, for the reversal of the final judgment of the justice by this court.
The first reason, viz. that no precise time and place of meeting, was named in the summons, appears to be founded on a misconception of the law of forcible entries, &c. The form of the summons is set forth at large, in the act itself; and the justice has followed in that particular, the directions therein contained in his summons.
The second objection, that the justice overruled the defendant’s motion for a nonsuit; does not appear to me to have more weight. Certainly the reason on which this motion was founded, is in direct contradiction to the second section of the act itself, which expressly states, “ That any person entering peaceably upon or into any lands, tenements, or other possession; and then turning by force, or frightening by threats, or other circumstances of terror, the party out of possession, shall be guilty of a forcible entry and detainer, within the meaning of this *145 act.” And although the third section describes what shall be a forcible detainer only; it by no means destroys * the force and effect of the above recited description of a “forcible entry and detainer.”
As to the third and last reason ; that the justice read the two sections of the act, in place of a charge, he was requested by the defendant, to give the jury ; I confess I am unable to see the force of it. I think the justice acted, in this particular, with perfect correctness. The law itself, in plain terms, defined the offence the jury •were called to try. If the evidence supported the allegations set forth in the plaintiff’s complaint, and if these were within the terms of the law itself, what language could the magistrate have used, that could possibly give additional information to the jury. If he had told the jury, agreeably to the request of defendant, that as there was no evidence of a forcible entry, there could not possibly be a verdict for the plaintiff, he would have contradicted the words of the law itself; but by using these words of the law only, as a charge in describing an offence, and ^refusing to go out of its precise phraseology, telling the jury that the application of the evidence given, to the law, wras their peculiar province; was consistent with the rules of law, of justice, and common sense.
I see no sound reason for the reversal of this judgment. Let it be affirmed.
Southard J.
It appears to me, that the words of our statute would be better satisfied with a more minute description of the land, than is contained in the complaint filed : but they do not seem necessarily to require it, and I should not be willing to reverse these proceedings for that defect alone. There is very much the same particularity here, as is to be found in the criminal proceedings by indictment &c., which were usual in former times, but are now disused.
2. I think the summons defective. The year ought to have appeared, and that not by inference alone, but by express words. The writ should be perfect in itself, without reference to other matters. In this court, a writ dated in February and returnable the second Tuesday of *146 May, without expressing the year, would be void. I there ought to be equal strictness in this case, where the right to land is in question, and the verdict may produce a change of possession.
3. I think there is error in the third point. The two offences of “ forcible entry and detainer” and “ forcible detainer,” are, by our statute, and always have been, distinct offences, and I take the distinction to consist in the lawfulness or unlawfulness of the entry. When ever the entry is unlawful, whether forcible or not, and the subsequent conduct is forcible and tortious, the offence committed is a forcible entry and detainer. But where ever the original entry is lawful, and the subsequent holding forcible and tortious, then the offence, is an unlawful detainer only. By our own statute, Pat. 291, sect. 2, it is declared, “ That if any person shall enter upon or into any lands, &c. and detain or hold the same, with force or strong hand, or with weapons &c. &c., or by entering peaceably and then turning by force or frightening by threats, or other circumstances of terror, the party out of possession; in such case, every person so offending, shall be guilty of a forcible entry and detainer, within the meaning of this act.” It is here to be remarked, that in the ^commencement of this section, the character of the entry is not at all described, but' the offence is designated by the subsequent conduct; and by the latter clause of the section, the entry may be peaceable. But, in both cases, the entry must be unlawful; and though not peaceable, and not exhibiting absolute or direct force, yet the subsequent conduct, gives character to that entry and makes it forcible. It is a very common principle, that in many ordinary actions of trespass, the coming into the possessions of another, was quiet and not tortious, considered in itself. Yet the acts committed after the coming in, being unlawful, had relation back to the first entry, and made that a trespass, which would well sustain the suit. So here, it is not the absolute force, but the unlawfulness of the entry, which constitutes the offence under this section. Dalt. c. 126. 1 HawJc. 145. Co. Lit. 257. The words “ entering peaceably” and “turning the party out of possession,” confirm strongly the idea that the *147 character of forcible entry, is derived, not from the manner of the first entry, but the subsequent conduct of the party.
But there are cases, where the entry is not only peaceable, but lawful; where the party had legal right to enter; and yet the detention is of the same tortious and forcible character, which constitutes the offence under the second section. A detainer may be forcible whether the entry were forcible or not. 1 Hawk. c. 64. Hence, in the third section of our act, we are told, “ That no person, who shall lawfully or peaceably enter upon, or into any lands, &c., shall hold or keep the same unlawfully and with force, &c. and it is hereby declared, that whatever words or circumstances, conduct or action, will make an entry forcible under this act, shall also make a detainer forcible.” It is manifest, that the two offences are here considered and described as distinct and separate: and the latter is distinguished from the former by the lawfulness of the entry, upon the lands, &c.
This distinction, between the two offences, exists not only in the words of the statute and the language of the elementary books, but in the acts and decisions of the courts. In forcible entry and detainer the jury are to find all or none, and not the detainer without the forcible entry. 1 Vent. 25. At common law, there might be an indictment for a forcible entry, but it must, on the face of it, shew sufficient force. 3 Bur. 1702, 1732. *8 Term Rep. 357. And an indictment for a forcible detainer only, ought to shew, that the entry was peaceable. Oro. Jac. 151.
If then these be distinct offences, a man guilty of one, cannot be convicted of the other, without a violation of correct legal proceeding. The complaint ought to shew of which the defendant is accused, and the verdict of the jury ought to correspond with the complaint.
In the instance now under consideration, the defendant, if guilty, was only so of a forcible detainer. He entered peaceably and lawfully into the possession of the premises; by express agreement of the plaintiff; by written lease. He could not be guilty of a forcible entry; yet he has been convicted of one. He was only guilty, if guilty at all, of a forcible detainer; yet he has been convicted of a *148 different offence. In this I think there is such error, as to require a reversal.
4, The court when .called upon to charge, on the meaning of the statute and the distinction between these offences, read the statute, but gave no further charge.' In this, I think there is error. When parties differ upon the construction of the law, which is to govern their case ; and one of them states to the court, the points of difference, and requests its opinion for the guidance of the jury, it is bound to give it. The great business of the court, in jury trials, is to guard the jury from error in matters of law. When difficulties arise, fairly resulting from the case, it must not decline or evade its duty in this respect. Here the court did evade this duty. Reading the statute, and telling the jury that they could examine it, was no explanation of the law. The parties could have done, and no doubt had already done, so much as that. It did not in the least, aid them in guessing at the proper verdict. The question before them, as to the nature of the offence, turned altogether on the construction of the law; and therefore, in no case, could a charge be more necessary. For want of it, the defendant has been convicted of an offence, of which I do not understand him to be guilty.
I cannot, for these reasons, concur in affirmance of this judgment.
Judgment affirmed-